IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| KANAY MUBITA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CV07-549-S-BLW |
| vs. | ) ) ) | **ORDER** |
| MOSCOW CITY POLICE DEPARTMENT POLICE CHIEF DANIEL WEAVER, ASSISTANT CHIEF DAVID DUKE, OFFICER PAUL KWAITKOWSKI, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court in the above-entitled matter is are Plaintiff's Motion to Stay the Case (*Docket No. 14*), Defendants' Motion to Lift the Stay and Partial Motion to Dismiss (*Docket No. 25*), and Plaintiff's Motion for a Continuance (*Docket No. 29*). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**ORDER - 1**

**Factual and Procedural Background**

On April 29, 3008, Plaintiff Kanay Mubita filed his Amended Complaint (*Docket No. 9*).  The Court reviewed the Amended Complaint and determined the majority of the claims are indirect challenges to Plaintiff's criminal conviction and these types of claims are impermissible in a civil rights actions pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Docket No. 12*.  Therefore, all of Plaintiff's claims (including all claims against Defendant Paul Kwaitkowski) were stayed until such time as Plaintiff's conviction is overturned, with one exception.  *Id.*  The Court allowed Plaintiff to proceed on his Fourteenth Amendment right to privacy claim that, after his arrest on December 7, 2005, Plaintiff alleges Defendants Moscow City Police Chief Daniel Weaver and Assistant Chief David Duke, created and hung posters around town containing Plaintiff's name, photograph, and a description that he was suspected of having HIV and having multiple sexual relationships with other adults.   Included in this claim are allegations that Defendant Duke unlawfully gave out Plaintiff's private health information to persons who called the number listed on the poster.  *Id.*  The Court determined this privacy claim does not call into question the validity of his conviction and ordered Defendants Weaver and Duke to be served with the Amended Complaint.  *Id.*

Plaintiff  requests a continuance due to his post conviction relief hearings in July 2009.  Defendants have no objection to a two week continuance, but the Court finds the requested continuance is moot as Plaintiff had already responded to pending motions before he moved for a continuance.

**ORDER - 2**

## Analysis

Plaintiff has moved to stay all claims in this action arguing that he would like to proceed with all his claims at the same time after his criminal convictions are overturned. Defendants object to the motion to stay the privacy claim and have moved to lift the stay and for the dismissal of the claims that were previously stayed because such claims are not proper § 1983 claims. Plaintiff objects to the requested dismissal of his stayed claims.

The Court finds no reason to stay the privacy claim while the other claims are either stayed or dismissed. The privacy claim against Defendants Weaver and Duke relates to the alleged improper release of private information. The release of the private information is not related to the underlying criminal charges which are now being reviewed in post conviction proceedings. Therefore, this claim should proceed. Any delay until after the post conviction proceedings are concluded could be for a significant length of time. Defendants have the right to have these claims resolved in a timely manner so that witnesses are available to testify.

Plaintiff's direct appeal of his conviction has been completed. *State of Idaho v. Mubita*, 188 P.3d 867 (Idaho 2008). One of the issues determined by the Idaho Supreme Court was that the prosecutor's letter to the Health Department, requesting disclosure of medical records related to "an adult male resident of Latah County who has tested positive for the HIV virus and who is believed to have engaged in sexual activity with

**ORDER - 3**

two females in violation of Idaho Code 39-608" was for purposes of a law enforcement investigation. *Id. at 878.* The Idaho Supreme Court held the district court properly denied a motion to suppress the Health Department's disclosure that showed Plaintiff tested positive for HIV twice and that Plaintiff acknowledged his HIV status. *Id. at 879.*

In the Amended Complaint, Plaintiff argues the Defendants improperly relied on documents from the Health Department which were not authenticated and they were not authorized to possess. These allegations are directly related to the underlying convictions since it is the same issue raised in the motion to suppress. Defendants maintain the Court should dismiss the § 1983 claims related to the criminal conviction instead of staying the claims.

In Cunningham v. Gates, 312 F.3d 1148, 1153 (9th Cir. 2002), the court held that under Heck, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Stated another way, if the § 1983 claims are based on the same theories that imply the invalidity of the convictions, the claims are barred by *Heck. Id.*

As of now, Plaintiff's criminal convictions on eleven counts of transferring body fluid which may contain the HIV virus in violation of Idaho Code § 39-608 have not been overturned. The direct appeal affirmed the convictions, but post conviction proceedings have not concluded. In examining the § 1983 claims, the Court finds Plaintiff's claims against the Defendants regarding their possession and reliance on the Health Department

**ORDER - 4**

documents appears to be the same unlawful behavior Plaintiff challenges in his post conviction proceedings. While the Defendants are correct that the claims may ultimately be dismissed if the convictions are upheld, the Court finds it is premature to dismiss the § 1983 claims until the post conviction proceedings are completed. If Plaintiff's convictions do not stand, the Court will need to examine the basis for the overturning of the convictions and then determine if the § 1983 actions can proceed or must be dismissed. The Court finds no prejudice to the Defendants in not dismissing the claims at this stage in the litigation. The Court denies the motion to lift the stay and dismiss these claims. The privacy claim shall be allowed to proceed.

## Order

Being fully advised in the premises, the Court hereby orders that:

1) Plaintiff's Motion for Stay (*Docket No. 14*) is DENIED;

2) Defendants' Motion to Lift the Stay and Partial Motion to Dismiss (*Docket No. 25*) is DENIED WITHOUT PREJUDICE. The § 1983 claims shall be stayed pending outcome of the post conviction relief proceedings and the privacy claim shall proceed.

3) Plaintiff's Motion for a Continuance (*Docket No. 29*) is DENIED AS MOOT.

DATED: **October 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge