UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KANAY MUBITA,<br><br>                Plaintiff,<br><br>    v.<br><br>MOSCOW CITY POLICE DEPARTMENT, POLICE CHIEF DANIEL WEAVER, ASSISTANT CHIEF DAVID DUKE, OFFICER PAUL KWAITKOWSKI,<br><br>                Defendants. | Case No. 1:07-CV-549-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiff's Request for Discovery (Docket No. 34), Motion to Appoint Counsel (Docket No. 35), and Motion for Clarification (Docket No. 42). The Court finds that oral argument is not necessary to the deicisonal process in this case, and will thus consider the motions without a hearing. For the following reasons, the Court will deny Plaintiff's motions.

## BACKGROUND

Plaintiff Kanay Mubita is an inmate with the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho Correctional Center (ICC) in Boise.

**MEMORANDUM DECISION & ORDER - 1**

Plaintiff's initial complaint, filed December 31, 2007, alleged unauthorized access to his confidential medical information, wrongful investigation and arrest, and improper use of his private medical information. The Court determined that most of Plaintiff's claims were indirect challenges to Plaintiff's criminal conviction, and thus stayed the claims until such time as Plaintiff's conviction is overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); (Order, Docket No. 12 at 1, entered February 23, 2009). The Court permitted Plaintiff to proceed on one claim – alleging violation of Plaintiff's Fourteenth Amendment right to privacy, against Defendants Weaver and Duke. (Docket No. 33 at 5.)

According to Plaintiff, Weaver and Duke created and hung posters around Moscow, Idaho, where Plaintiff resided. These posters included Plaintiff's name and photograph, and stated that Plaintiff was suspected of having HIV and having multiple sexual relationships with other adults. Plaintiff alleges that Duke unlawfully disclosed Plaintiff's private health information to persons who called the number listed on the poster.

## DISCUSSION

**1.      Motion to Compel Discovery**

On October 22, 2009, Plaintiff filed a motion to compel Defendants to produce responses to discovery requests made in September of 2009. (Docket No. 34.) In the motion, Plaintiff identifies requests for production numbered 3, and 4-8. Number 3 is a request for documentation provided by the Latah County Prosecutor's Office, to which

**MEMORANDUM DECISION & ORDER - 2**

Defendant responded with a redacted document pursuant to Local Civil Rule 5.5 and I.C. § 9-335. The Court issued a Protective Order (Docket No. 43) on December 14, 2009, providing that the records provided by Defendants in response to request number 3 are to remain redacted; Plaintiff's request to compel regarding number 3 is therefore moot.

Plaintiff's requests numbered 4 and 6 seek documents giving Defendants access to Plaintiff's health information, and authorization to disclose it to third parties. Requests numbered 5 and 7 seek documents signed by Plaintiff, that gave permission to Defendants to access and disclose Plaintiff's health information. Defendants indicate that all documents responsive to the requests were provided to Plaintiff. (See Docket No. 36-1, Exhibits B.017, B.028, B.029.) Defendants further indicate that request number 8 was new and that Defendants would produce the document requested. (Response, Docket No. 36 at 7). It appears that Defendant has complied with Plaintiff's requests. Absent evidence to the contrary, the Court finds that Plaintiff's requests to compel production of requests numbered 4-8 are also moot.

Finally, Plaintiff asks that Defendant Weaver be compelled to respond to interrogatory number 10, asking if Weaver and Duke swore under oath, when appointed to their posts, that they "never violated the United States Constitution and served the citizens of the United States faithfully and honorably." Whether Weaver's and Duke's oaths of office included the language identified by Plaintiff is immaterial to Plaintiff's case. In other words, whether Weaver's and Duke's responses are yes or no is not relevant to Plaintiff's claims. The Court thus finds that interrogatory number 10 is not

**MEMORANDUM DECISION & ORDER - 3**

reasonably calculated to lead to the discovery of admissible evidence in Plaintiff's case. Plaintiff's motion to compel regarding interrogatory number 10 will be denied.

**2.    Defendant's Request for Attorney Fees**

Defendants here request attorney fees incurred in responding to Plaintiff's motion to compel. An award of attorney's fees in a civil rights case should be made to a defendant only in "exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The Court here finds that such exceptional circumstances do not exist. The request for attorney fees will therefore be denied.

**3.    Motion to Appoint Counsel**

Plaintiff should be aware that the federal courts have no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 396, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney fees in civil matters, such as this one.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). In civil cases, counsel should be appointed only in "extraordinary cases." *Id.* at 1330. To determine whether extraordinary circumstances exist, the court should

**MEMORANDUM DECISION & ORDER - 4**

evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004)(citation omitted). Neither factor is dispositive, and both must be evaluated together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

Here, Defendants maintain that the press release at issue in Plaintiff's right to privacy claim was released after Plaintiff was arrested and charged with the crime of transferring body fluids that may contain the human immunodeficiency virus, in violation of I.C. § 39-608. (See Docket No. 12-1.) Under I.C. § 9-338, court records are public unless otherwise sealed by the court. Defendants here have indicated they intend to move for summary judgment on grounds that the information in the subject press release was already accessible to the public. Plaintiff's likelihood of success in this matter is thus called into question. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues are not complex in this matter. For these reasons the Court will deny Plaintiff's Motion for Appointment of Counsel (Docket No. 35).

**4.   Motion for Clarification**

Plaintiff moves for clarification of Defendants' response to requests for admissions numbered 6, 7, and 9. (Docket No. 42.) Concerning responses to requests for admission, the Federal Rules of Civil Procedure provide:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith

**MEMORANDUM DECISION & ORDER - 5**

> requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . .

Fed. R. Civ. P. 36(a)(4). Here, Defendants responded to each of the requests for admission – at issue here – with denials. In each case, Defendants reserved objections that the requests were vague and ambiguous. However, Defendant did not qualify any of the responses, nor otherwise respond so as to require clarification. Accordingly, Plaintiff's motion for clarification will be denied.

## ORDER

In light of the foregoing, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Compel Disclosure of Discovery (Docket No. 34) is **DENIED** in part, deemed **MOOT** in part.

2. Defendants' Request for Attorney Fees in their Response to Motion (Docket No. 36) is **DENIED**.

3. Plaintiff's Motion for Appointment of Counsel (Docket No. 35) is **DENIED**.

4. Plaintiff's Motion for Clarification (Docket No. 42) is **DENIED**.

DATED: **July 28, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge